

# The Attorney General of Texas

June 3, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

0 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Carl A. Parker
Chairman
Senate Education Committee
Texas State Senate
P. O. Box 12068
Austin, Texas    78711

Opinion No.  JM-37

Re:    Whether    oral    history
interviews    acquired    by    an
institution of higher educa-
tion  are  public  information
under the Open Records Act

Dear Senator Parker:

You ask the following questions concerning public access to oral history interviews under article 6252-17a, V.T.C.S., the Texas Open Records Act:

> (1)  whether  recorded  or  transcribed  oral history interviews acquired by an institution of higher  education  for  historical  purposes  are public  information  under  the  Texas  Open  Records Act;

> (2)  whether  recorded  or  transcribed  oral history  interviews  acquired  by  an  employee (historian, researcher, teacher) of an institution of  higher  education  for  historical  purposes  are public information under this act;

> (3)  under what circumstances could recorded or transcribed oral history interviews acquired by an institution  of  higher  education  for  historical purposes be exempted from the act.

Your questions are prompted by Senate Bill No. 161 which, if enacted, would add to the Education Code a section 51.910 to read as follows:

> Sec.    51.910.    INTERVIEWS    FOR    HISTORICAL PURPOSES.  An oral interview that is obtained for historical    purposes    by    an    agreement    of confidentiality between an interviewee and a state institution  of  higher  education  is  not  public information.    The    interview    becomes    public

> information when the conditions of the agreement
> of confidentiality have been met.

Institutions of higher education are subject to the Texas Open Records Act, and records in their custody are available to the public unless excepted by a provision of the act or by some other law.  See, e.g., Attorney General Opinion H-436 (1974); Open Records Decision Nos. 101 (1975); 16 (1974).

The Open Records Act prevents institutions of higher education from making agreements to keep information confidential, unless they are authorized by law to enter into such agreements.  Attorney General Opinion H-258 (1974); Open Records Decision No. 55A (1975).  Thus, a university's promise to maintain oral history interviews as confidential will be unenforceable unless it is based on statutory authority.  The Open Records Act is applicable to information on tape as well as transcriptions thereof.  Open Records Decision No. 32 (1974).

In answering your question, we do not have any specific record before us, nor have particular confidentiality provisions been raised. The confidentiality provisions of the Open Records Act are found in section 3 as follows:

> (a)  All information collected, assembled, or maintained by governmental bodies pursuant to law or ordinance or in connection with the transaction of official business is public information and available to the public during normal business hours of any governmental body, with the following exceptions only:

> (1) information deemed confidential by law, either Constitutional, statutory, or by judicial decision;

> (2) information in personnel files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; provided, however, that all information in personnel files of an individual employee within a governmental body is to be made available to that individual employee or his designated representative as is public information under this Act;

> (3) information relating to litigation of a criminal or civil nature and settlement negotiations, to which the state or political

subdivision is, or may be, a party, or to which an officer or employee of the state or political subdivision, as a consequence of his office or employment, is or may be a party, that the attorney general or the respective attorneys of the various political subdivisions has determined should be withheld from public inspection;

(4) information which, if released, would give advantage to competitors or bidders;

(5) information pertaining to the location of real or personal property for public purposes prior to public announcement of the project, and information pertaining to appraisals or purchase price of real or personal property for public purposes prior to the formal award of contracts therefor;

(6) drafts and working papers involved in the preparation of proposed legislation;

(7) matters in which the duty of the Attorney General of Texas or an attorney of a political subdivision, to his client, pursuant to the Rules and Canons of Ethics of the State Bar of Texas are prohibited from disclosure, or which by order of a court are prohibited from disclosure;

(8) records of law enforcement agencies that deal with the detection and investigation of crime and the internal records and notations of such law enforcement agencies which are maintained for internal use in matters relating to law enforcement;

(9) private correspondence and communications of an elected office holder relating to matters the disclosure of which would constitute an invasion of privacy;

(10) trade secrets and commercial or financial information obtained from a person and privileged or confidential by statute or judicial decision;

(11) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than one in litigation with the agency;

(12) information contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions, and/or securities, as that term is defined in the Texas Securities Act;

(13) geological and geophysical information and data including maps concerning wells, except information filed in connection with an application or proceeding before any agency;

(14) student records at educational institutions funded wholly, or in part, by state revenue; but such records shall be made available upon request of educational institution personnel, the student involved, or that student's parent, legal guardian, or spouse;

(15) birth and death records maintained by the Bureau of Vital Statistics in the State of Texas;

(16) the audit working papers of the State Auditor;

(17) the home addresses and home telephone numbers of peace officers as defined by Article 2.12, Code of Criminal Procedure, 1965, as amended, or by Section 51.212, Texas Education Code; [and]

(18) information contained on or derived from triplicate prescription forms filed with the Department of Public Safety pursuant to Section 3.09 of the Texas Controlled Substances Act, as amended (Article 4476-15, Vernon's Texas Civil Statutes).

Some of these exceptions are quite narrow, applying only to a specific type of record or records held by a specific custodian. These include sections 3(a)(6), 3(a)(8), 3(a)(9), 3(a)(12), 3(a)(13), and 3(a)(15) through 3(a)(18). It is difficult to imagine how any of these sections could apply to interviews obtained for historical purposes by state institutions of higher education. These provisions may be disregarded as they would not exempt records of oral history interviews from public disclosure.

Other exemptions to the Open Records Act might, under some circumstances, except records of certain interviews or portions of certain interviews from public disclosure. These are sections 3(a)(1), (protecting information deemed confidential by law, including a common law or constitutional right of privacy); 3(a)(2) (protecting certain private information in personnel files); 3(a)(3) (the litigation exception); 3(a)(4) (exception for information related to competitive bidding); 3(a)(5) (protects negotiating position of governmental body with respect to real property acquisitions and donations); 3(a)(7) (attorney-client privilege); 3(a)(10) (trade secrets); 3(a)(11) (inter-agency or intra-agency memoranda); and 3(a)(14) (student records at educational institutions). Although on given facts, these provisions might exempt portions of certain interviews from public disclosure, none of them would except all oral history interviews.

In summary, there is no general exception that prevents public disclosure of records or oral history interviews acquired by an institution of higher education or by an employee on behalf of the institution. Portions of some oral history interviews might be excepted from public disclosure by specific exceptions to the Open Records Act. Interviews filling certain narrow criteria might be excepted from public disclosure in their entirety. If an interview is conducted by a faculty member or researcher for his own use, and not under the control or direction of the university, then the records thereof might qualify as his personal notes. Open Records Decision No. 77 (1975). In all probability, however, the typical oral history interview acquired by an institution of higher education as part of the institution's official activities would be available to the public under the Open Records Act.

### S U M M A R Y

Oral history interviews acquired by an institution of higher education in connection with its official activities would as a general matter be available to the public under the Open Records Act. Certain portions of some interviews, or some interviews in their entirety might be excepted from public disclosure if they fall within exceptions to the Open Records Act.

Very truly your

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Nancy Sutton